DISTRICT OF COLUMBIA, Petitioner,

v.

The NATIONAL SHRINE OF the IMMACULATE CONCEPTION, INC., Respondent.

No. 17080.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 29, 1963.

Decided Feb. 7, 1963.

and proper to provide loaves and fishes for the multitudes.[1] So, the National Shrine of the Immaculate Conception, Inc., a corporation which constructed and maintains the building and which is the respondent here, bought and installed in an appropriate area in the Shrine complete restaurant equipment, and leased the space and facilities to a private individual who has since operated a cafeteria therein. After paying the Shrine an agreed percentage of his gross receipts for the use of the space, fixtures and equipment, the operator has earned each year a substantial profit for himself.

For the fiscal years 1960, 1961 and 1962, the District of Columbia assessed against the Shrine personal property taxes on the restaurant fixtures and equipment. On October 24, 1961, having paid the taxes so assessed, the Shrine petitioned the District of Columbia Tax Court to adjudge it to be exempt from such taxation, to cancel the assessments, and to order the refund of the sums paid.

On April 4, 1962, after a full evidentiary hearing, the Tax Court adjudged that the taxes were erroneously assessed and collected, and that the District of Columbia should refund the money collected, with interest. The District of Columbia has petitioned for a review of that judgment.

Section 47–1208, D.C.Code (1961), provides

"The following personal property shall be exempt from taxation

"First. The personal property of all library, benevolent, charitable, and scientific institutions incorporated under the laws of the United States or of the District of Columbia and not conducted for private gain."

It is not disputed that the respondent, being a religious corporation which was incorporated under the laws of the District of Columbia, is a benevolent and charitable corporation within the mean-

Mr. Harrison S. Howes, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, were on the brief, for petitioner.

Mr. George E. Hamilton, III, Washington, D. C., with whom Mr. John L. Hamilton, Washington, D. C., was on the brief, for respondent.

Before WILBUR K. MILLER, WASHINGTON and BURGER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The National Shrine of the Immaculate Conception in the District of Columbia is one of the largest churches in the world. It was completed in 1959 and since then has been visited by about one million people each year. It was anticipated that many visitors would be there during meal hours, and it was thought desirable

1. The record discloses that when the church was built the nearest restaurant was about one mile away, except for the nearby cafeteria of the Catholic University of America, which was not equipped to serve the expected influx of visitors to the Shrine.

**44**

ing of the statute. Uncontradicted evidence established that it is not conducted for private gain, and that none of its officers or trustees derives personal gain from any of its operations. The portion of the cafeteria operator's gross receipts received by the Shrine as rent for the space and restaurant equipment is used for further development of the Shrine. And the use to which the equipment is put is directly related to the functioning and purposes of the Shrine. Cf. District of Columbia v. Catholic Education Press, 91 U.S.App.D.C. 126, 199 F.2d 176, cert. denied 344 U.S. 896, 73 S.Ct. 276, 97 L.Ed. 693 (1952).

The District of Columbia argues, however, that the exemption from taxation does not apply to a religious corporation's personal property which, in return for a share of his gross receipts, it has delivered to an individual for use in a commercial venture from which he derives personal gain. Cases which seem to support the District's position construe constitutional or statutory provisions which are unlike the exemption statute here involved.

As suggested in the Tax Court's opinion, the District of Columbia reads § 47–1208 as exempting "the personal property * * * not conducted for private gain." That this reading mistakes the meaning of the statute is shown by the presence of the word "conducted." A statutory "institution" is "conducted" but personal property is not; it is "used." This makes it clear that the statutory words "not conducted for private gain" relate to and modify the statutory word "institution." Obviously they do not relate to or modify the words "personal property," as the District in effect contends.

We hold that in the circumstances here shown and under the plain meaning of the exempting statute, the decision of the Tax Court was correct. If the District is dissatisfied with the statute, its remedy is to apply to Congress for an amendment in accordance with its view of what the law ought to be.

Affirmed.